Filed 10/19/20  P. v. Green CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B304611 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA069734) |
| v. | |
| BROUNCHE STEPHAN GREEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Dismissed.

Brounche Stephan Green, in pro. per.; William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

# INTRODUCTION

In 2006, appellant Brounche Stephan Green was convicted of five offenses arising from a single incident in which he physically attacked and terrorized his cohabitant and her children.  (*People v. Green* (Jan. 23, 2008, B194137) 2008 Cal.App.Unpub. LEXIS 551, *1 (*Green I*).)  Appellant was sentenced to 128 years to life, comprising five consecutive 25-years-to-life sentences enhanced by three consecutive one-year sentences for prior felonies and a prison term.  (*Id.* at *2-*3.)  The court also imposed a $10,000 victim restitution fine.  In *Green I*, we stayed two of the five 25-years-to-life sentences, leaving appellant with a 78-years-to-life sentence.  (*Id.* at *35.)

In December 2019, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), appellant filed a motion seeking to vacate the victim restitution fine because it was imposed without determining his ability to pay.  The trial court summarily denied the motion, finding that appellant had "the ability to pay based on prison wages earned over the course of his life in prison" and that the "concerns expressed by the court in *Duenas* [*sic*], including 'loss of employment or shelter, compounding interest, further legal action and ever-expanding financial burden' do not apply to this inmate."  Appellant timely filed a notice of appeal, arguing that the court's imposition of "restitutional fines" ignored his inability to pay, and that the trial court failed to consider or comply with *Dueñas*.

Appellant's appointed counsel filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436, identifying no arguable issues and requesting this court conduct an independent review of the record. On June 22, 2020, we notified appellant he had 30 days to submit in writing any issues or contentions he wished us to consider. On August 10, 2020, we received the following documents from appellant: (1) "Motion to/for Leave to File Supplemental Brief"; (2) "Points, Authorities and Argument in Support of Supplemental Brief"[1]; and (3) "Appe[]llant[']s Supplemental Brief - Ground Two." Various proofs of service included with the documents claim they were mailed on July 14, 2020 (i.e., within thirty days of our June 22 notice).

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order

---

[1]   Appellant's "Points, Authorities and Argument in Support of Supplemental Brief" deals exclusively with a January 2020 motion appellant filed to modify his sentence pursuant to Penal Code section 1016.8 and the court's summary denial of that motion. Because nothing in the notice of appeal indicates appellant has appealed from the court's denial of that motion, these issues are not before us and we do not consider them. (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436 ["Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from"].)

must be dismissed.  [Citations.]" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).)  In *Torres*, as here, the appellant filed a motion to modify his restitution fine on the ground that it had been imposed without a determination of his ability to pay; the trial court denied the motion.  (*Ibid.*)  Our colleagues in Division One dismissed the appeal, holding that because the "motion to correct his sentence was made after his direct appeal had concluded, . . . the order denying the motion [to modify his restitution fine] was nonappealable, and the appeal must be dismissed." (*Id.* at 1088.)

Here, appellant was convicted in 2006, and his previous appeal was concluded in 2008; after his petition for review to the California Supreme Court was denied, we issued a remittitur on June 4, 2008.  His motion to vacate the victim restitution fee was not filed until 11 years later.  As in *Torres*, the trial court here lacked jurisdiction to rule on appellant's motion, and his appeal from the denial of that motion must be dismissed.[2]

---

[2]    We note also that we have found no case in which *Dueñas* was retroactively applied to a final judgment.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.